## THE PEOPLE *v.* CHARLES M. JEFFERDS.

An application by a prisoner, indicted and imprisoned for an offense not triable in a Court of Sessions, to be discharged, on the ground that he has not been brought to trial within the time prescribed by part 4, chap. 3, title 5, sec. 31, of the Revised Statutes, may be made to any court having jurisdiction to issue a writ of *habeas corpus*. The right to discharge in such a case is not limited to the Court of Oyer and Terminer.

Where such an application was made to the Supreme Court at special term, in a case where the prisoner was indicted for murder, and it was shown by the public prosecutor that a special Court of Oyer and Terminer had been ordered by the governor, to be held in the county within a few days thereafter, before which it was his intention to try the prisoner, it was held that the cause assigned was a satisfactory one, under the thirty-second section (2 *R. S.*, 737), and the court ordered the prisoner to be detained in custody, and adjourned over the matter to a day after the sitting of the Oyer and Terminer, with leave to renew the application at that time, if, in the meantime, the indictment should not be brought to trial.

THIS was an application to be discharged from imprisonment on *habeas corpus*, on the ground that the prisoner, who

The People *v.* Jefferds.

was indicted and imprisoned for an offense not triable in the Court of Sessions, had been detained in prison beyond the time prescribed by 2 Revised Statutes, 737, § 31.

*A. Oakey Hall*, for the prisoner.

*Nelson J. Waterbury* (District Attorney), for the People.

LEONARD, J. The prisoner, Jefferds, was committed to prison June 29, 1860, on the warrant of the coroner, charged, on the finding of the coroner's jury, with having caused the death of John Walton and John W. Matthews.

An indictment against Jefferds was found at the Oyer and Terminer by the grand jury, October 16, 1860, for the murder of Walton and Matthews.

The prisoner has been confined in close custody ever since his commitment by the coroner, and no other process for that purpose has ever been issued.

Two regular terms of the Oyer and Terminer have been held in this county since the term at which the indictment was found, and one term in addition by special appointment of the governor, but the trial of the prisoner has not been brought on by the district attorney, although the prisoner has endeavored to urge it on at every term of the court.

The prisoner now claims his discharge by reason of the great delay which has occurred, now nearly eight months since his imprisonment commenced.

His counsel insist that the statutes of this State, positively direct his discharge.

It is provided by the Revised Statutes (*part* 4, *ch.* 2, *title* 5, § 31), that if any prisoners indicted, for an offense not triable in a Court of Sessions but which may be tried in a Court of Oyer and Terminer, and committed to prison, whose trial shall not have been postponed at his instance, shall not be brought to trial before the end of the next Oyer and Terminer which shall be held in the county in which he is imprisoned, after such indictment found, he shall be entitled to be discharged, so far as relates to the offense for which he was committed.

The People *v.* Jefferds.

The case of Jefferds appears to be clearly within the terms of this section. He is in prison; has not applied for a postponement of his trial; and two regular terms of the court have been held in the county since the indictment was found.

The counsel for the People reply, that it is the Oyer and Terminer only, that can discharge the prisoner; and that he applied for his release to that court in December last, and that the application was there denied; that the Supreme Court, at special term, where the present application is pending, are not authorized by that section to grant the discharge, and that by reason of the denial of the application in December last, it should be deemed by the special term *res judicata*, even if this court possess jurisdiction over the matter.

It will be observed, that the section of the statute referred to, says nothing about conferring the authority upon any court whatever, to grant their discharge. The provision is, that the prisoner "shall be entitled to be discharged."

It appears to be a protection afforded to the prisoner. It insures him a speedy trial, in conformity with the right guaranteed by the Constitution of the United States.

One of the objects of the writ of *habeas corpus* is, to protect every person in the enjoyment of his liberty, unless he is lawfully restrained of it. The granting of that writ is enjoined upon every justice of the Supreme Court, on a suitable application.

When the writ is granted, and the prisoner has been brought before him, there is no exception by law as to the power of the justice to set the prisoner at liberty, if it appear that he is unlawfully restrained.

The next section is also explanatory as to the court which is authorized to hear this question.

Section thirty-two provides as follows: "If satisfactory cause shall be shown by the district attorney, to any court to which application shall be made under the last section, for detaining such prisoner in custody, or upon bail until the sitting of the next court in which he may be tried, the court

The People *v.* Jefferds.

shall remand the prisoner, or shall hold him to bail as the case may require."

This section contemplates that the application may be made before the courts other than the Oyer and Terminer. If it were not so, reference would not be made in the law "to any court to which application shall be made."

It is the right of the prisoner to demand and have a speedy trial. It is his right to have his trial at the next term of the court after that at which the indictment shall be found, unless there has been a postponement at his instance.

If he be not then brought to trial, he is entitled to be discharged, unless the district attorney show satisfactory cause for detaining him until the next sitting of the court.

The decision of the judge who held the Oyer and Terminer in December last, is, no doubt, a sufficient answer for not bringing the accused to trial at that term; but it is no answer for not having brought him to trial at the term which was held in January, 1861.

It cannot be possible that a denial of an application to be discharged, made in December, on the ground that a greater delay had then occurred than the statute permits, will bar an application on the same ground, after another term, subsequent to the former application, has elapsed.

I shall therefore hold that there is no legal reason existing, why the present application should not be entertained, or why it should not now be granted, so far as my authority or jurisdiction has been questioned as a justice of the Supreme Court sitting at special term.

No cause has been shown by the public prosecutor for further detaining the prisoner, except that a special term of the Court of Oyer and Terminer, to be held in this city, has been called by the governor, for the 27th of February instant, at which term the trial of the prisoner will, as he alleges, be brought on.

The short time which will elapse before that court will be organized, and the enormity of the offense with which the prisoner stands indicted, induce me to regard the cause assigned

as a satisfactory one, within the meaning of section 32, above referred to, and to detain the prisoner in custody until the sitting of said special term of the Court of Oyer and Terminer.

The application may stand adjourned till March next, or it may then be renewed if the accused should not have been brought to trial.

---

SUPREME COURT.   New York General Term, November, 1862.
*Ingraham, Leonard* and *Barnard,* Justices.